**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13704

Non-Argument Calendar

_____

ABSALOM ELIASIB PINEDA GUILLEN,
SARAH NICOLLE PINEDA MARQUEZ,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-359-711

_____

Before BRANCH, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Absalom Eliasib Pineda-Guillen and his minor daughter[1] seek review of the Board of Immigration Appeals's ("BIA") order dismissing their appeal of the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Specifically, the IJ denied their applications after finding Pineda-Guillen not credible and, alternatively, holding that, even assuming Pineda-Guillen's testimony was truthful, their asylum applications were untimely and their claims for withholding of removal and CAT relief failed on the merits. The BIA adopted and affirmed the IJ's reasoning in full.[2]

In his counseled brief on appeal, Pineda-Guillen challenges only the adverse credibility determination. He does not address the alternative determinations that the asylum applications were

---

[1] Sarah Nicolle Pineda-Marquez, one of Absalom Eliasib Pineda-Guillen's minor children, is a derivative beneficiary of Pineda-Guillen's asylum claim. She also filed her own application for withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.

[2] "Generally, [we] review[] only the BIA's decision, except to the extent the BIA expressly adopted the IJ's opinion or agreed with the IJ's reasoning." *Alvarado v. U.S. Att'y Gen.*, 984 F.3d 982, 988 (11th Cir. 2020); *see also Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (explaining that when the BIA explicitly agrees with the findings of the IJ, we will review the decisions of both the BIA and the IJ as to those issues). Here, because the BIA adopted the IJ's opinion, our review includes both the BIA's and the IJ's opinions.

25-13704                Opinion of the Court                3

untimely and that his and his daughter's claims for withholding of removal and CAT relief failed on the merits.  When an appellant fails to challenge one of the alternative, independent grounds supporting the judgment, "he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").  Thus, the petition for review is denied because Pineda-Guillen abandoned any challenge to the determination that the asylum applications were untimely and that his and his daughter's claims for withholding of removal and CAT relief failed on the merits, which are independent grounds for affirming the IJ's decision.  *Sepulveda*, 401 F.3d at 1228 n.2; *Sapuppo*, 739 F.3d at 680.  As a result, we need not address his arguments that the BIA and IJ erred in their adverse credibility determination.[3]

---

[3] To the extent that Pineda-Guillen argues that the BIA violated his due process rights when it failed to give reasoned consideration to his adverse credibility challenge, this argument is without merit.  "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341–42 (11th Cir. 2003).  As we have previously emphasized, the BIA is "not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but [it] must consider the issues raised and announce [its] decision in terms sufficient to enable a reviewing court to perceive that [it] ha[s] heard and thought and not merely reacted." *Ayala*, 605 F.3d at 948 (quotation omitted).  In this case, the record establishes that the BIA expressly considered Guillen's challenge to the IJ's adverse credibility challenge and

Finally, to the extent that Pineda-Guillen argues that he was denied due process in the proceedings before the IJ due to the IJ's "constant interruptions" which interfered with his ability to present his case and contributed to the adverse credibility finding, we agree with the government that Pineda-Guillen failed to exhaust this issue. *See* 8 U.S.C. § 1252(d)(1) (setting forth exhaustion requirement); *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (explaining that the exhaustion requirement in § 1252(d)(1) is a non-jurisdictional "claim-processing rule" that "is generally applied where, as here, it has been asserted by a party" (quotations omitted)); *see also Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (explaining that the petitioner's "allegation of a due process violation" in the proceedings before the IJ was "precisely the kind of procedural error which requires exhaustion"), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023). Because Pineda-Guillen failed to exhaust this issue and the government seeks to enforce the exhaustion rule, we must dismiss this claim. *Kemokai*, 83 F.4th at 891.

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

found that the IJ's determination was not clearly erroneous. The BIA gave a sufficient explanation for its decision, which demonstrated that it gave reasoned consideration to Pineda-Guillen's claims. As a result, Pineda-Guillen cannot show that the BIA "deprived [him] of liberty without due process of law," and "caused [him] substantial prejudice." *Lonyem*, 352 F.3d at 1341–42.